**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

ROBERT GLEN MYERS,             )
                                    )
      Plaintiff,                )
                                    )
v.                             )      No. 5:24-cv-06154-DGK
                                    )
SHANGRI-LA JEFFERSON LLC,    )
a Missouri Limited Liability Company,    )
d/b/a Shangri-La Dispensaries,       )
                                    )
      Defendant.              )

## ORDER DENYING MOTION TO DISMISS

This lawsuit stems from Defendant Shangri-La Jefferson LLC's alleged failure to comply with the Americans with Disabilities Act ("ADA"). Plaintiff contends Defendant's website is inaccessible to blind individuals.

Now before the Court is Defendant's Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 10. Defendant seeks dismissal on two independent bases. First, it argues it has corrected the problems Plaintiff has identified in his Complaint, thus, because Plaintiff is suing for injunctive relief only, his claims are moot, and this Court lacks subject matter jurisdiction. Second, Defendant argues the Complaint fails to state a claim because Defendant does not operate or maintain the website in question. Both motions rely on an uncorroborated affidavit made by a third-party whose qualifications are unclear.

The motion is DENIED. Defendant's 12(b)(1) challenge fails because it has not established that it has corrected all the problems identified in the Complaint, which would moot the existing Complaint. Defendant's 12(b)(6) challenge fails because the evidence Defendant attempts to introduce in support of its motion cannot be considered at this stage.

**Standard of Review**

Under Rule 12(b)(1), a court must dismiss a complaint if it lacks subject-matter jurisdiction to hear the dispute. Fed. R. Civ. P. 12(b)(1); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In evaluating a 12(b)(1) motion, the court distinguishes "between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (internal quotation omitted). "In a factual attack, the court considers matters outside the pleadings, and the nonmoving party does not have the benefit of 12(b)(6) safeguards." *Id.* (citations omitted). Here, Defendants brings a factual attack on jurisdiction.

Under Rule 12(b)(6), a claim must be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d

2

952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

**Analysis**

### I.     Defendant's 12(b)(1) argument fails.

Plaintiff's Complaint consists of a single count alleging Defendant's website violates Title III of the ADA because it is incompatible with screen access software, thereby denying blind individuals such as Plaintiff full and equal access to Defendant's products and services. Compl. at 1, ECF No. 1. For relief, the Complaint seeks a declaration that Defendant's website violates the ADA, an injunction requiring Defendant to cure the problems, and attorneys' fees. *Id*. at 16-18.

Defendant's 12(b)(1) argument is that it has corrected the problems identified in the Complaint, thus there is no longer the need for court action. Consequently, this case is moot, and the Court lacks subject matter jurisdiction.

Because Defendant has brought a factual challenge to jurisdiction, the Court reviews the evidence submitted by the parties and then decides whether the factual predicate for jurisdiction is met. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The Court does not defer to factual allegations made in the Complaint, nor is it enough for Plaintiff to demonstrate a factual dispute over a jurisdictional issue. *Id*. at 729–30.

Here, the record supporting Defendant's argument consists of a single affidavit from Andrew Gruver, the "Creative Director" of Point Management LLC. Gruver Aff. at ¶ 2, ECF No. 11-1. Mr. Gruver states that as part of his job duties he has access to and is familiar with the business records maintained by Point Management LLC. *Id*. at ¶ 9. He asserts that Point

3

Management LLC has a management agreement with Defendant to manage Defendant's business, including the website at issue. *Id*. at ¶¶ 3–4. He contends Defendant does not own or operate the website at issue, a different company, Shangri-La Technology LLC, does. *Id*. at ¶ 6. He asserts that after being notified on August 19, 2024, of Plaintiff's claims of alleged website inaccessibility, on October 14, 2024, Shangri-La Technology LLC retained Deeproots Partners LLC to investigate these concerns and to ensure the website complied with all state and federal regulations. *Id*. at ¶¶ 12–13. Mr. Gruver's assertions, however, are not confirmed by any operating agreements, contracts, or other business records which would corroborate the affidavit.

More problematic, however, is that Mr. Gruver goes on to assert that,

> 15.  Shangri-La's website has been compatible with screen-reader software since October 30, 2024.
>
> 16.  As of the date of the affidavit, to the best of my knowledge, Shangri-La's website is readily accessible to and usable by visually disabled individuals using keyboards and available screen-reader software.
>
> 17.  Shangri-La Technology, LLC has thoroughly reviewed all claims of alleged deficiency in the Complaint, hired Deeproots Partners LLC to cure each claimed deficiency and as of the date of the affidavit, all claims of non-compliance as outlined in the Complaint have been and remain cured.

*Id*. at ¶¶ 15–17. The affidavit does not contain any information, such as a curriculum vitae, suggesting Mr. Gruver is qualified as an expert in website accessibility to offer such testimony.

In response, Plaintiff submitted a fifteen-page declaration from Till Paris, an expert "in website/application compliance, accessibility, and privacy compliance," who "ensure[s] ADA and WCAG compliance for websites/applications through expert audits, user testing, remediation, and compliance consulting." Paris Aff. at 8, ECF No. 15-1. (The declaration

includes a curriculum vitae outlining his qualifications and experience.)  Mr. Paris states that he examined the website on July 16, 2024, and on February 18, 2025; that is, both before Plaintiff filed the Complaint and after Defendant filed the pending motion to dismiss asserting all the problems have been corrected.  *Id*. at 2, 4.  Mr. Paris opines that accessibility "issues with the website persist," and his declaration cites sixteen specific examples.  *Id*. at 3–6.

The Court rules as follows with respect to the evidence in the record.  The assertions in Mr. Gruver's affidavit about the corporate relationship between Defendant Shangri-La Jefferson LLC, third-party Point Management LLC, and third-party Shangri-La Technology LLC have very limited evidentiary value since they are not confirmed by any business documents Defendant could have easily placed in the record which would corroborate his claims.  Mr. Gruver's assertions that the "website has been compatible with screen-reader software since October 30, 2024," the "website is readily accessible to and usable by visually disabled individuals using keyboards and available screen-reader software," and each deficiency identified in the Complaint has been "cured," have no evidentiary value.  Mr. Gruver is not qualified to make such claims.  At best, his testimony is inadmissible hearsay, repeating to the Court what was communicated to him by the company hired to fix the website, Deeproots Partners LLC.

On the other hand, the Court finds all the information in the Paris declaration admissible and persuasive.

Given this record, the Court finds that while Defendant has addressed some of the accessibility concerns raised in the Complaint—a fact acknowledged in the Paris declaration—accessibility problems remain.  Thus, this lawsuit is not moot, and the Court possesses subject matter jurisdiction to hear it.

5

## II.     Defendant's 12(b)(6) argument fails.

Defendant's 12(b)(6) argument is that the Complaint fails to state a claim because Defendant does not operate or maintain the website in question, thus Defendant is incapable of providing the injunctive relief sought by Plaintiff.

As a threshold matter, Defendant's attempt to rebut Plaintiff's well-pleaded allegations about control of the website through Mr. Gruver's affidavit is improper and may not be considered by the Court in deciding the 12(b)(6) portion of the motion. *See Miller*, 688 F.3d at 931 (holding in ruling on a 12(b)(6) motion, the court must ignore materials outside the pleadings unless they are part of the public record or necessarily embraced by the pleadings). Assuming for the sake of argument the Court could consider the affidavit, it would not be persuasive evidence, because it is uncorroborated and it would have been easy for Defendant to provide documentation verifying the affidavit's claims.

### Conclusion

For the reasons discussed above, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Date:  April 29, 2025                               /s/ Greg Kays
                                                            GREG KAYS, JUDGE
                                                            UNITED STATES DISTRICT COURT